IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30637
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN DUNCAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-39-ALL-B
--------------------
July 18, 2002

Before JOLLY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brian Duncan appeals his jury-trial conviction for carjacking and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2119, 924(c).  Duncan avers that the Government failed to prove an essential element of the offense of carjacking, namely, that he intended to cause death or serious bodily injury during the carjacking.

The victim testified that Duncan opened the door to her car, ordered her to get out of the car, and held a handgun to her face

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when doing so. Moreover, there was testimony that immediately preceding the carjacking, Duncan had brandished the gun and fired several shots. Finally, there was evidence that immediately before happening upon the victim, Duncan was being pursued by the police.

The jury could have inferred from this evidence that Duncan would have attempted to seriously harm or kill the victim if that had been necessary to complete the taking of the car in order to elude the police. See Holloway v. United States, 526 U.S. 1, 11-12 (1999). Taking the evidence in the light most favorable to the Government, the evidence was sufficient to support Duncan's carjacking conviction. United States v. Maseratti, 1 F.3d 330, 337 (5th Cir. 1993).

In his "Statement of the Issues," Duncan lists as an issue that the evidence was insufficient to support his firearm conviction. However, in the body of his brief, he argues only that the evidence was insufficient to support his carjacking conviction. Accordingly, Duncan is deemed to have abandoned any challenge to his firearm conviction on appeal. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Duncan avers that the court erred in failing to grant a mistrial on the basis that the jury heard references to an uncharged murder. He contends these references before the jury constituted a violation of FED. R. EVID. 404(b), which provides in

pertinent part that evidence of other crimes, wrongs, or acts is not admissible to show action in conformity therewith.

"This court will reverse a district court's refusal to grant a mistrial only for an abuse of discretion." United States v. Limones, 8 F.3d 1004, 1007 (5th Cir. 1993). The district court did not abuse its discretion in denying Duncan's motion for mistrial. As found by the court, the remarks were innocuous. Moreover, both witnesses immediately proceeded to testify as to other matters and were never questioned again regarding the references they made. Finally, even if it is assumed that the two brief remarks were prejudicial, the court's curative measures and explicit instructions, which the jury is presumed to have followed, effectively cured any taint created by the testimony. United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998).

Duncan avers that jury was subject to extrinsic influence that tainted the jury panel and served to deny him a fair trial. He contends that the trial court should have held an evidentiary hearing to determine what if anything was heard by the jury.

Duncan has failed to make a colorable showing that an extrinsic influence was actually made on the jury. See United States v. Kelley, 140 F.3d 596, 608 (5th Cir. 1998). At trial, counsel only made vague references to the alleged "histrionics" and did not state with precision what was allegedly overheard. Moreover, the trial judge, who was also present in the same courtroom as the jury at the time of the alleged

conversation, stated on the record that he did not overhear any discernable conversation.  Given the foregoing, the judgment of the district court is affirmed.

AFFIRMED.